IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID SCOTT, # M-20737, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-cv-00844-SMY ) |
| J. LOCHEAD and P. H. KEHOE, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for consideration of the Second Amended Complaint (Doc. 16) filed by Plaintiff David Scott. Plaintiff, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 against two prison eye doctors who refused to treat his glaucoma. (Doc. 16, pp. 1-33). As a result, Plaintiff has suffered from vision loss and pain. *Id*. He claims that this denial of medical care violates his rights under the Eighth and Fourteenth Amendments. *Id*. In connection with these claims, Plaintiff seeks monetary damages against the two doctors, J. Lochead and P.H. Kehoe. (Doc. 16, p. 6).

This case is now before the Court for a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Second Amended Complaint survives preliminary review under this standard.

## Second Amended Complaint

In 2012, Plaintiff was diagnosed with glaucoma in his left eye. (Doc. 16, p. 9). Doctors Lochead and Kehoe, who were both employed as eye doctors at Menard, made the diagnosis. *Id*. However, they would not treat his condition or any associated pain. *Id*.

As a result, Plaintiff has suffered from vision impairment, eye pain, headaches and depression on a daily basis ever since his diagnosis. (Doc. 16, p. 8). He has regularly complained about these symptoms to prison medical staff, including the defendants, to no avail. (Doc. 16, pp. 9, 13-33). Doctors Lochead and Kehoe have "largely ignored" the complaints and grievances. (Doc. 16, p. 8). They characterize Plaintiff's condition in his medical records as a "slight glaucoma," but this does not accurately reflect Plaintiff's pain and vision loss. (Doc. 16, p. 11).

Although he attends monthly appointments to monitor his glaucoma, Plaintiff claims that this is not enough. *Id*. No meaningful action has been taken to treat his glaucoma or associated pain. *Id*. His requests for eye drops and surgery have been ignored. (Doc. 16, p. 12, 15-25). Plaintiff has resorted to the use of daily cold compresses on his eyes, but fears that the denial of care will result in further vision loss and pain. (Doc. 16, p. 11).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Second Amended Complaint into the following enumerated counts:

**Count 1 -** Eighth Amendment claim against Defendants for denying Plaintiff medical care at Menard for his glaucoma and associated complaints of vision loss and pain since 2012.

**Count 2** - Fourteenth Amendment claim against Defendants for ignoring Plaintiff's grievances addressing the denial of medical care for his glaucoma at Menard since 2012.

The parties and the Court will continue using these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

After carefully considering the allegations, the Court finds that the Second Amended Complaint articulates a viable Eighth Amendment claim against Defendants Lochead and Kehoe, but fails to state a Fourteenth Amendment claim against them. Accordingly, Count 1 shall receive further review, and Count 2 shall be dismissed with prejudice.

## Discussion

### Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel

and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state an Eighth Amendment claim based on the denial of medical care, a plaintiff must show that (1) he suffers from a serious medical need (*i.e.*, an objective standard), and (2) state officials acted with deliberate indifference to his medical needs (*i.e.*, a subjective standard). *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

With regard to the objective component of this claim, a medical need is considered "serious" where it has either "been diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has held that glaucoma is "manifestly a sufficiently serious medical condition" because it causes severe migraine headaches as the condition progresses and eventually leads to blindness. *O'Banner v. Bizzell*, 151 F.3d 1033, *2 (7th Cir. 1998). Similarly, the Seventh Circuit has recognized that vision loss associated with cataracts meets this standard. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Moreover, when the failure to treat a condition could "result in further significant injury or the unnecessary and wanton infliction of pain," the condition is sufficiently "serious" to support an Eighth Amendment claim. *Id.* Plaintiff's complaints of glaucoma and associated vision loss and pain satisfy the objective component of this claim for screening purposes.

With regard to the subjective component, prison officials exhibit deliberate indifference when they "know of and disregard an excessive risk to inmate health" by being "'aware of facts

4

from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). At this stage, the allegations state a deliberate indifference claim against both defendants in their individual capacities for denying Plaintiff adequate medical care for his glaucoma and associated pain.

Having satisfied both the objective and subjective components of this claim, Plaintiff shall be allowed to proceed with Count 1 against Defendants Lochead and Kehoe.

**Count 2**

It is unclear why Plaintiff invoked the Fourteenth Amendment Due Process Clause in the Second Amended Complaint. Protections afforded under the Fourteenth Amendment are no greater than those extended under the Cruel and Unusual Punishment Clause of the Eighth Amendment, and the Eighth Amendment provides a more explicit source of protections. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). The Eighth Amendment is "specifically concerned with the unnecessary and wanton infliction of pain in penal institutions." *Id*. It therefore serves as the primary source of substantive protection to convicted prisoners. *Id*. The Court has analyzed Plaintiff's medical needs claim above under the Eighth Amendment.

To the extent Plaintiff invoked the Fourteenth Amendment Due Process Clause based on the mishandling of his grievances, the Second Amended Complaint states no independent due process claim against either defendant. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th

5

Cir. 1982). As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008).

Accordingly, Count 2 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Pending Motion

Plaintiff has filed a Motion for Service of Process at Government Expense (Doc. 4) which is **DENIED** as unnecessary. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court will order service of this suit as a matter of course on all defendants who remain in this action pursuant to this screening order.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 1** is subject to further review against Defendants **LOCHEAD** and **KEHOE**. With regard to **COUNT 1,** the Clerk of Court shall prepare for Defendants **LOCHEAD** and **KEHOE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 16) and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Each Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will


cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 2, 2017**

s/ STACI M. YANDLE

**Honorable Staci M. Yandle**
**United States District Judge**