IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID SCOTT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-cv-844-SMY-RJD ) |
| P.H. KEHOE and CHRISTINE J. LOCHHEAD, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff David Scott, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Scott alleges Doctors Lochhead and Kehoe refused to treat his glaucoma, causing him to suffer vision impairment, eye pain, headaches, and depression. He is proceeding on an Eighth Amendment deliberate indifference claim.

This matter is now before the Court on Defendant Lochhead's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 55). Plaintiff did not file a response. For the following reasons, the Motion is **GRANTED**.

## Background

The record before the Court establishes that Plaintiff filed grievances dated August 31, 2014, February 3, 2015, March 19, 2015, August 30, 2016, and September 13, 2016, complaining of issues with his glaucoma treatment. Below, the Court addresses each grievance in turn.

1. **August 31, 2014 Grievance (Doc. 56-1 at 9-11):** Scott complains that Dr. Lochhead diagnosed him with glaucoma, but is not treating it. He indicates that he had eye drops, but asserts they are not effective. Scott's counselor responded to the grievance on October 2, 2014, and the grievance officer recommended that it be found moot on January 28, 2015. The warden concurred with the grievance officer's response on February 6, 2015. Scott appealed the decision to the Administrative Review Board ("ARB"), which received the grievance on May 4, 2015. The ARB determined that the grievance was not submitted in the timeframe required by Department Rule 504, and did not issue a decision on the merits.

2. **February 3, 2015 Grievance (Doc. 56-1 at 9, 13):** Scott explains that he suffers from glaucoma and cannot see out of his left eye. He complains that Dr. Lochhead is not doing anything about his eye and indicates that he needs to see a specialist. Scott's counselor responded to the grievance on February 19, 2015. It was received by the ARB on May 4, 2015. The ARB returned the grievance and directed Scott to provide a copy of the grievance officer's and warden's (chief administrative officer) responses. It did not address the merits of Scott's complaints. There is no further documentation concerning this grievance.

3. **March 19, 2015 Emergency Grievance (Doc. 56-1 at 9, 14):** Scott again indicates that he has glaucoma in his left eye and asks to see a specialist. He complains that he does not see the eye doctor at all and needs treatment. The warden reviewed the grievance on March 31, 2015 and determined that an emergency was not substantiated. Per the warden's response, Scott was directed to submit this grievance in the normal manner. The ARB received the grievance on May 4, 2015 and returned it on May 20, 2015,

directing Scott to provide a copy of his counselor, grievance officer, and warden's responses. There is no further documentation concerning this grievance.

4. **August 30, 2016 Emergency Grievance (Doc. 56-1 at 3-7):** In this grievance, filed while Scott was at Pinckneyville Correctional Center ("Pinckneyville"), he explains that he came to Pinckneyville on May 11, 2016 and spoke with a nurse who indicated she would put him in to see the eye doctor and to receive eye drop refills. Scott complains he did not hear anything until August 28, 2016. He asks for surgery because he cannot see out of his left eye. The warden determined the grievance was an emergency and should be expedited. The grievance officer reviewed the grievance on September 13, 2016 and recommended that it be denied. The warden agreed on September 16, 2016. The ARB denied the grievance on November 4, 2016, finding that it was appropriately addressed by his facility's administration.

5. **September 13, 2016 Grievance[1] (Doc. 16 at 22-23):** In this grievance, filed from Pinckneyville, Scott explains that when he arrived at Pinckneyville from Menard, he told a nurse that he had glaucoma and his eye was red and blurry. The nurse told Scott she would put him in to see the eye doctor, but he complains that he has not seen the doctor. Scott's counselor responded to this grievance on September 28, 2016. There is no other documentation related to this grievance in the record.

Defendant Dr. Lochhead argues that Scott did not submit any timely and procedurally correct grievances to the ARB implicating him with respect to Scott's ocular complaints. Dr. Lochhead contends she is therefore entitled to summary judgment. Along with her Motion, Dr. Lochhead filed a Rule 56 Notice informing Scott of his obligation to file a response to her

---

[1] Scott erroneously dated this grievance as October 13, 2016 in the top left corner; however, it was correctly signed and dated as September 13, 2016. Therefore, when the Court discusses this grievance, it will use the submission date of September 13, 2016.

motion, and advising him of the perils of failing to respond (*see* Doc. 57). Despite receiving the Notice, Scott has not filed a response to Dr. Lochhead's motion.

**<u>Legal Standards</u>**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401

(7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may also submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## **Discussion**

Based on the evidence in the record, the Court finds that Scott failed to exhaust his administrative remedies as to his claim against Dr. Lochhead prior to filing this lawsuit[2]. First, he failed to adequately exhaust his administrative remedies as to his August 31, 2014 grievance because he waited too long to appeal the warden's decision to the ARB. Section 504.850 of the Illinois Administrative Code dictates that an appeal of the warden's decision must be received by the ARB within 30 days of the date of the decision. Here, the warden's response was dated February 6, 2015, but the ARB did not receive Scott's appeal of the decision until May 4, 2015. Thus, it was out of time and the ARB returned the grievance due to its untimeliness.

Scott also failed to follow proper procedures to exhaust his February 3, 2015 grievance. Although he obtained a response from his counselor, he failed to obtain a response from the grievance officer or warden prior to appealing the grievance to the ARB. Because the Administrative Code requires that an inmate receive a response from the grievance officer and warden prior to submitting the grievance to the ARB, Scott clearly failed to adhere to the administrative review requirements; this grievance is insufficient to exhaust his claim against Dr. Lochhead.

The Court reaches the same conclusion with respect to Scott's March 19, 2015 grievance. This grievance was submitted as an emergency grievance to the warden. The warden determined an emergency was not substantiated and directed Scott to submit the grievance in the normal manner. Instead, Scott appealed the warden's decision to the ARB. The ARB directed Scott to provide the grievance officer's and warden's responses, but he failed to do so. Thus, Scott failed to adequately exhaust his available administrative remedies with respect to this grievance. This grievance is also insufficient to exhaust Scott's remedies as to his claims against Dr. Lochhead

---

[2] As Scott has not filed a response to Dr. Lochhead's motion for summary judgment, despite being provided ample time and opportunity to do so, a hearing to resolve factual disputes is not necessary. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

because he failed to specifically mention or adequately describe her, which is required under ILCS § 504.810(c). Moreover, in this grievance, Scott specifically complained that he was not seeing the eye doctor "at all." Since Dr. Lochhead is the "eye doctor," he was clearly not complaining about her treatment, but rather, a general lack of treatment for his glaucoma.

Although Scott received a final decision on the merits regarding to his August 30, 2016 grievance, the ARB did not issue its decision until November 4, 2016, *after* Scott filed his Second Amended Complaint. The ARB received this grievance on October 20, 2016, thus, it rendered its response within an appropriate amount of time under the Illinois Administrative Code. *See* ILCS § 504.850(e). Because Scott failed to wait for the ARB to render its decision prior to filing his Second Amended Complaint, his grievance was not exhausted before he filed this lawsuit.

Scott also failed to exhaust his administrative remedies with regard to his September 13, 2016 grievance. Although he received his counselor's response to this grievance, there is no evidence in the record that he ever submitted it to the grievance officer, warden, or ARB for review. As such, it is apparent he failed to follow the administrative procedures for this grievance as well.

## Conclusion

For the foregoing reasons, Defendant Lochhead's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 55) is **GRANTED** and Dr. Lochhead is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall proceed in this matter against Defendant P.H. Kehoe only.

**IT IS SO ORDERED.**

**DATED:  July 2, 2018**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**
